Jerome S. Cohen (SBN 143727)
Scott P. Layfield (SBN 246481)
3731 Wilshire Blvd., Suite 600
Los Angeles, CA 90010
TEL: (213) 388-8188
FAX: (213) 388-6188
Email: *jsc@jscbklaw.com*

Counsel for Debtor and
Debtor in Possession Barbara J. Baiz Rodriguez

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>BARBARA J. BAIZ RODRIGUEZ,<br><br>Debtor. | Case No.: 2:11-bk-39746-RK<br><br>Chapter 11<br><br>**STIPULATION RE OBJECTION OF CLASS 3 CREDITOR, WELLS FARGO BANK, N.A., TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 11 PLAN**<br><br>Plan Confirmation Hearing:<br>Date: February 12, 2014<br>Time: 11:00 a.m.<br>Ctrm: 1675 |

TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE:

This Stipulation is made between Barbara J. Baiz Rodriguez, debtor and debtor-in-possession ("Debtor") and secured creditor Wells Fargo Bank, N.A. ("Wells Fargo") (collectively referred to as the "Parties"), through their respective attorneys of record, on the basis of the following facts:

A. On August 24, 2011, Wells Fargo filed a Proof of Claim (Claim 5-1 on the Court's Claim Register) in the amount of $837,950.10 secured by a first priority lien interest against Debtor's real property commonly known as: **14773 Tamarix Drive, Hacienda Heights, California 91745 (the "Property").** Wells Fargo's claim is also secured by the rents of the Property ("Cash Collateral").

B. On September 12, 2011, the Court entered its order approving Debtor's limited use of the Cash Collateral for operating expenses related to the Property (Document No. 30). Debtor segregates all Cash Collateral she receives into a separate debtor in possession bank account ("Cash Collateral Account").

C. On September 12, 2012, Wells Fargo filed a Notice of Election Pursuant to 11 U.S.C. § 1111(b) to have its claim treated as a fully secured claim. (Document No. 120).

D. On December 12, 2013, Debtor filed her third amended Chapter 11 plan titled, *Debtor's Third Amended Chapter 11 Plan* ("Plan"). (Document No. 223).

E. The Plan provides Wells Fargo with a Class 3 secured claim in the amount of $837,950.10 ("Secured Claim").

F. On January 22, 2014, Wells Fargo filed an objection to the Plan titled, *Objection Of Class 3 Creditor, Wells Fargo Bank, N.A., To Confirmation Of Debtor's Third Amended Chapter 11 Plan* ("Objection"). (Document No. 239). The Objection sought clarification of the Plan's treatment of its claim, turnover of the Cash Collateral, and payment of post-petition property tax advances.

G. As indicated in Debtor's December monthly operating report filed with the Court, as of December 31, 2013, Debtor held $4,367.86 in the Cash Collateral account. (Document No. 238).

  H. Wells Fargo has made the following post-petition property tax advances regarding the Property ("Property Tax Advances"):

   a. November 21, 2011 - $3,567.81

   b. March 23, 2012 - $3,567.81

   c. November 23, 2012 - $2,927.31

   d. March 22, 2013 - $2,927.31

   e. January 15, 2014 - $2,905.20

  **TOTAL: $15,895.44**

  I. The Parties have agreed on terms to resolve the Objection.

  WHEREFORE, the Parties hereby stipulate and agree as follows:

  1. **Section 1111(b) Election and Post-petition Tax Advances**: Wells Fargo has timely elected to deem its claim fully secured. Wells Fargo shall have a secured claim in the amount of $837,950.10 ("Secured Claim") as reflected in Wells Fargo's Proof of Claim (Claim 5-1), *plus* an additional amount of $15,895.44 representing post-petition tax advances, for a total allowed secured claim in the amount of $853,845.54 ("Modified Secured Claim Amount").

  2. **Treatment of Modified Secured Claim Amount**: Wells Fargo's Modified Secured Claim Amount shall be paid over thirty (30) years with 0.00% interest per annum, in monthly installments of $2,371.80, commencing on the first day of the month following the Effective Date of the Plan until the Modified Secured Claim Amount is paid in full.

  3. **Turn over of cash collateral**: On the Effective Date Plan, Debtor shall turnover to Wells Fargo all Cash Collateral held by Debtor in the Cash Collateral Account or elsewhere ("Effective Date Cash Collateral"). The Effective Date Cash Collateral shall be applied to reduce the Modified Secured Claim Amount by the equivalent sum.

3

4. Debtor shall be responsible for maintaining real property hazard insurance and paying real property taxes on the subject property.

5. Material Default Defined: If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, Wells Fargo may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

6. Wells Fargo may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan. If the Debtor is in material default under the Plan, Wells Fargo may: (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

7. Except as modified herein, the remaining terms of the original Note and Deed of Trust will remain viable and in full force and effect.

8. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of the Wells Fargo. The terms of this Stipulation shall be incorporated into the Debtor's Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan.

9. This Stipulation shall be subject to Bankruptcy Court approval.

10. Upon entry of the order on this Stipulation, Wells Fargo's Objection shall be

4

deemed withdrawn and Wells Fargo's ballot shall be deemed to be amended to a vote accepting the Plan.

DATED: 1/29/2014

/s/ Jerome S. Cohen
Jerome S. Cohen,
Attorney for Barbara
J. Baiz Rodriguez,
Debtor and Debtor-in-Possession

DATED: 1/30/14

*Marisol Nagata*
Marisol A. Nagata
Attorney for Wells Fargo Bank, N.A.

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Jerome S. Cohen, Attorney At Law, 3731 Wilshire Blvd., Suite 600, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION RE OBJECTION OF CLASS CREDITOR, WELLS FARGO BANK, N.A., TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 11 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below::

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 31, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Attorney for Debtor: Jerome S Cohen  jsc@jscbklaw.com
- Attorneys for secured and unsecured creditor Deutsche Bank:
- Laleh Ensafi    lensafi@yahoo.com, Cmartin@pralc.com
- Joseph Garibyan    cmartin@pralc.com
- Bonni S Mantovani    cmartin@pralc.com
- Jeannette Marsala    jmarsala@pralc.com, cmartin@pralc.com
- Lee S Raphael    cmartin@pralc.com
- Cassandra J Richey    cmartin@pralc.com
- Melissa A Vermillion    cmartin@pralc.com
- Attorney for secured creditor Wells Fargo Bank:  Marisol A Nagata    cdcaecf@bdfgroup.com
- Matthew J Pero    mpero@afrct.com, bcruz@afrct.com
- United States Trustee:
- Alvin Mar    alvin.mar@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Attorneys for secured and unsecured creditor Aurora Bank:
- Todd S Garan    ch11ecf@piteduncan.com
- Casper J Rankin    ecfcacb@piteduncan.com
- Other Parties:
- Ramesh Singh    claims@recoverycorp.com
- Mehrdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@mccarthyholthus.com
- Darlene C Vigil    cdcaecf@bdfgroup.com
- William A Bramley    william.bramley@bramleylaw.com
- James A Judge    james@thejudgefirm.com, anja@thejudgefirm.com

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) January 31, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**
Honorable Robert N. Kwan
United States Bankruptcy Court
255 E. Temple Street, Room 1682
Los Angeles, CA 90012

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 31, 2014 | Jessica Ybarra | /s/ Jessica Ybarra |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**